MEMORANDUM OPINION
{¶ 1} This matter is before this Court upon Appellee's motion to dismiss this appeal for lack of subject matter jurisdiction.
 {¶ 2} This appeal stems from a judgment issued by the trial court on April 26, 2005, which granted judgment for Appellee and against Appellant, Sean W. McCarty,[1] on Appellee's claims for declaratory judgment and injunctive relief.
 {¶ 3} In its motion, Appellee contends that the appealed judgment only addresses the issue of liability and does not resolve the issues of damages, and is, therefore, not a final appealable order.
 {¶ 4} It is well-settled that "an order must be final before it can be reviewed by an appellate court." Gen. Acc. Ins. Co. v.Ins. Co. of N. America (1989), 44 Ohio St.3d 17, 19. "If an order is not final, then an appellate court has no jurisdiction." Id. (citation omitted).
 {¶ 5} When determining whether a judgment is final, an appellate court engages in a two-step analysis: First, the court determines if the order is final, subject to the requirements of R.C. 2505.02. If the court finds the order complies with the statute, the court must next decide if Civ.R. 54(B) language is required. Id. at 21.
 {¶ 6} R.C. 2505.02 defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment," or "[a]n order that affects a substantial right made in a special proceeding." R.C. 2505.02(B)(1) and (B)(2).
 {¶ 7} A review of the record reveals that Appellee filed the instant action for declaratory judgment, seeking a declaration that the MG Interiors, a sole proprietorship, owned and operated by Appellant, is bound by the collective bargaining agreement entered into by the company's predecessor-in-interest, a partnership also known as MG Interiors, which required Appellant to employ members of its union for an ongoing construction project. The complaint additionally sought an injunction preventing Appellant from employing non-union carpenters on the project, as well as an accounting of Appellant's businesses, from which the union could determine the extent of damages, if any, resulting from the alleged breach of the agreement.
 {¶ 8} On February 3, 2005, the court held a hearing. Appellee correctly points out that the trial court bifurcated the proceeding and reserved for later determination, "any issues of damages," pursuant to an agreement by the parties.
 {¶ 9} On April 26, 2005, the trial court entered judgment in favor of Appellee and against Appellant, declaring that Appellant was bound by the collective bargaining agreement. Additionally, the trial court ordered Appellant and his co-defendants to "fulfill their obligations under the agreement * * * in the future, including, but not limited to, the obligations to employ members in good standing of the Carpenter's Union." The trial court also ordered the Appellant to "permit the Carpenter's Union to engage in an examination of [his] books and records necessary to determine the full extent to which [he has] failed * * * to comply with [his] obligations under the agreement," and declared all defendants, "jointly and severally liable for damages based upon an examination of [the] books and records."
 {¶ 10} Generally speaking, "[a] declaratory judgment action * * * is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." Gen. Acc. Ins. Co.,44 Ohio St.3d at 22. However, if the declaratory judgment claim is asserted "within the context of an ordinary civil action for breach of contract * * * it is the underlying action which governs our analysis." Regional Imaging Consultants Corp. v.Computer Billing Servs., Inc., 7th Dist. No. 00 CA 79, 2001-Ohio-3457, 2001 Ohio App. LEXIS 5327 at *17-*18, citingStevens v. Ackman (2001), 91 Ohio St.3d, 182, 188 (If the "underlying action [is] an ordinary civil action, seeking damages," it is "recognized at common law and hence * * * not a special proceeding") (citation omitted).
 {¶ 11} Here, the underlying action is for breach of contract and the trial court's judgment does not become final and appealable merely on the basis of being "cast in the form of a declaratory judgment." Regional Imaging, 2001 Ohio App. LEXIS 5327, at *17 (citation omitted).
 {¶ 12} It is well-settled that a judgment from a civil proceeding "which defers damages for a later determination of an uncertain amount is not a final appealable order." Glass v.Glass, 11th Dist. No. 2004-L-214, 2005-Ohio-1688, at ¶ 2; Stateex rel. White v. Cuyahoga Metro. Hous. Auth. 79 Ohio St.3d 543,546, 1997-Ohio-366; State ex rel. A D Ltd. Partnership v.Keefe, 77 Ohio St.3d, 50, 53, 1996-Ohio-95 (orders determining liability and deferring the determination of damages are not final orders under R.C. 2505.02 "because they [do] not determine the action, prevent a judgment, or affect a substantial right in a special proceeding"). The trial court's judgment determined only the issue of liability under the collective bargaining agreement, and is, therefore, not a final appealable order as contemplated by R.C. 2505.02.
 {¶ 13} Since the aforementioned judgment is not final, the fact that the trial court used Civ.R. 54(B) language in its judgment entry is irrelevant. See Noble v. Colwell (1989),44 Ohio St.3d 92, 96 (The "mere incantation of the required language" of Civ.R. 54(B) cannot turn an otherwise non-final order into a final appealable order) (citation omitted).
 {¶ 14} For these reasons, Appellee's motion to dismiss this appeal is granted.
William M. O'Neill, J., concurs,
Colleen Mary O'Toole, J., dissents.
[1] The trial record in this matter indicates that Appellant's last name is "McCarty" in the majority of documents filed before the trial court. Nevertheless, because appellant's last name was spelled "McMarty" on the original complaint, the latter spelling is the one this court is bound to follow for purposes of the instant appeal.