OPINION
{¶ 1} On February 16, 2001, an Ohio prison inmate, Herbert Lilly, filed a pro se lawsuit against the Ohio Adult Parole Authority ("OAPA"). Subsequently, a public defender entered an appearance on behalf of the inmate and filed an amended complaint on March 26, 2001, adding more plaintiffs and defendants, and a second *Page 2 
amended complaint on January 31, 2002. The public defender then filed a motion for class certification on April 18, 2001, which the trial court granted. The class consisted of all parole eligible Ohio prison inmates who pled guilty or no contest to lesser or fewer offenses than those for which they were indicted. On September 28, 2001, the trial court barred class members from commencing like actions against the OAPA or further prosecuting those initiated after June 13, 2001, the date of class certification. Numerous suits that had already been filed were consolidated. Appellees include several defendants, including the OAPA.
 {¶ 2} Appellants are inmates who are serving indeterminate sentences under the criminal sentencing laws in effect before S.B. No. 2 became effective on July 1, 1996, which eliminated indeterminate sentences for all but the most serious offenses. Criminals sentenced under the pre-S.B. No. 2 laws, therefore, have their release dates determined by the OAPA, while the criminals sentenced under the post-S.B. No. 2 laws serve the exact sentences as imposed by the sentencing judges. The action involved the procedure used by the OAPA to determine the release dates for those criminals sentenced under the pre-S.B. No. 2 laws. Many of the class members' causes of action asserted that they were convicted of or entered guilty pleas or no contest pleas to lesser and fewer crimes than those for which they were indicted, but were assigned offense categories by the OAPA that did not correspond to their offenses of conviction, thereby violating their contractual rights under their plea agreements.
 {¶ 3} While the action was pending, the Ohio Supreme Court decidedLayne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, in which the court found *Page 3 
that, in any parole determination involving indeterminate sentencing, the OAPA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction. As a result ofLayne, the OAPA conducted new parole hearings for approximately 2,500 inmates, resulting in more than half of them being released.
 {¶ 4} Both parties filed motions for summary judgment and the trial court granted appellants' motion. The trial court found the following: (1) that appellants were entitled by contract and statute to meaningful parole consideration that consists of true eligibility (rather than mere paper eligibility) and a parole hearing that complies with the policies and practices adopted by the OAPA after Layne; and (2) that the OAPA denies appellants contract rights and meaningful parole consideration when it (a) assigns a class member a guideline range that has a minimum term that exceeds the length of time a class member must serve before becoming eligible for parole under the law in effect at the time of the plea; (b) assigns a class member an offense category that does not correspond to the class member's offense of conviction or assign a class member an offense category that nominally corresponds but that is elevated based upon the defendant's independent determination that the class member committed a distinct offense (such as kidnapping in connection with rape) for which he was not convicted; (c) "flops" a class member for more than five years; and (d) denies a class member a hearing or re-hearing that complies with the OAPA's post-Layne practices and policies. The trial court ordered the OAPA to immediately re-hear and grant meaningful consideration for parole to any class member who had his or her plea agreement contract breached in the manner described, and new hearings were to be granted to *Page 4 
any class member who had not had a hearing since September 5, 2003, when the OAPA implemented major post-Layne revisions to the factors to be considered in a release hearing.
 {¶ 5} The OAPA filed a notice of appeal and this court affirmed the trial court, other than the portion of the decision relating to the "flop" of a class member for more than five years. This court found that a genuine issue of material fact remained as to whether the OAPA's ability to continue parole hearings up to ten years, pursuant to Ohio Adm. Code 5120:1-1-10(B)(2), constitutes meaningful consideration so as to render it a reasonable enactment. See Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546.
 {¶ 6} On June 21, 2005, appellants filed a motion in the trial court to hold appellees in contempt of court alleging that the OAPA was intentionally failing to comply with the judgment in this case, alleging that the criteria used by the OAPA to identify inmates for re-hearings does not correspond to the decision and that the OAPA's proposed schedule violated the order to immediately hold the re-hearings and that the OAPA refused to maintain adequate record of hearings or to allow counsel to observe the hearings.
 {¶ 7} The trial court ordered appellees "to immediately provide plaintiff's counsel with the necessary information to determine if meaningful [parole] hearings are occurring and how many have been accomplished." On May 5, 2006, appellants filed a motion for a temporary restraining order and preliminary and permanent injunctions. Appellants were seeking an order to allow the prisoners' counsel to attend parole *Page 5 
hearings and to require the OAPA to make audio and/or video recordings of all hearings. The trial court denied the motion, finding that the benefits to appellants would be minimal compared with the administrative burdens it would cause the OAPA. Appellants filed a notice of appeal, and raised the following assignment of error:
 The trial court erred in denying Plaintiffs-Appellants Motion for Temporary Restraining Order and Preliminary and Permanent Injunction.
 {¶ 8} Appellees filed a motion to dismiss, contending that the denial of a motion for a temporary restraining order is not a final, appealable order. Ordinarily, an order issuing or denying a preliminary injunction is not a final appealable order. LCP Holding Co. v. Taylor,158 Ohio App.3d 546, 2004-Ohio-5324, at ¶ 18. This court may entertain only those appeals from final judgments or orders. Noble v. Colwell (1989),44 Ohio St.3d 92. A final order is statutorily defined by R.C. 2505.02, which provides as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 * * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. *Page 6 
 {¶ 9} R.C. 2505.02(A)(3) defines "provisional remedy," as follows:
 "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction * * *.
 {¶ 10} The preliminary injunction, which was denied in this case, is a provisional remedy and the order denying it was a determination preventing a judgment in appellants' favor with respect to the preliminary injunction. Thus, the requirement of R.C. 2505.02(B)(4)(a) is met. However, to be a final order, both R.C. 2505.02(B)(4)(a) and (b) must be met. R.C. 2505.02(B)(4)(b) requires a determination of whether the denial of the preliminary injunction precludes a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. "In deciding this question, we `do not construe R.C. 2505.02(B)(4)(b) to require the absence of every theoretical remedy in order to find that appellant would be denied a "meaningful" or "effective" remedy following final judgment. This is particularly so when * * * the court will be unable to fashion a remedy which would replace a potential loss of business * * *, or repair business relationships with third parties.'" LCP Holding, supra, at ¶ 27, quoting Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen.Motors Corp. (2001), 141 Ohio App.3d 777, 781.
 {¶ 11} In this case, appellants have a remedy through an appeal at the conclusion of the proceedings, issues, and claims in the action. They will not be deprived of a remedy by the passage of time, nor will the review be rendered moot. Thus, the order denying the preliminary injunction is not a final order. *Page 7 
 {¶ 12} Appellants also sought a temporary restraining order, which was denied. A temporary restraining order is, "by its very nature, just that — temporary. It is preliminary to something else." Van Camp v.Riley (1984), 16 Ohio App.3d 457, 459. Since a temporary restraining order makes no final adjudication, but maintains the status quo, it is not a final order. Beasley v. East Cleveland (1984), 20 Ohio App.3d 370,374.
 {¶ 13} Appellants' motion also sought a permanent injunction. While the denial of a permanent injunction may be a final order, in this case, the order also requires Civ.R. 54(B) language. An order of a court is a final appealable order only if the requirements of both R.C. 2505.02
and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides, as follows:
 When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 {¶ 14} However, an order that is not final cannot be rendered final, merely by the addition of Civ.R. 54(B) language. Noble, at 96;Fireman's Fund Ins. Co. v. BPS Co. (1982), 4 Ohio App.3d 3, 4. *Page 8 
 {¶ 15} In this case, the contempt motion is still pending and has not been ruled upon. The trial court's order does not include Civ.R. 54(B) language, and, thus, the order is not final and appealable, and we are without jurisdiction to determine the appeal at this time. Appellees' motion to dismiss is granted. A class member filed a pro se motion to enforce the trial court's order, however, counsel is actively litigating the case on behalf of the class and so the motion is denied.
Motion to dismiss granted, motion to enforce denied, causedismissed.
BRYANT and BROWN, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1