[Cite as *State ex rel. v. Big Sky Energy*, 2013-Ohio-437.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MICHAEL DEWINE ATTORNEY GENERAL OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | **CASE NO. 2012-A-0042** |
| - vs - | : | |
| BIG SKY ENERGY, INC., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2012 CV 11.

Judgment: Appeal dismissed.

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH 43215, *Christine L. Rideout, Casey L. Chapman,* and *L. Scott Helkowski*, Assistant Attorneys General, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Plaintiff-Appellee).

*Gino Pulito*, Pulito & Associates, 230 Third Street, Suite 200, Elyria, OH 44035 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Big Sky Energy, Inc., appeals from the August 20, 2012 judgment of the Ashtabula County Court of Common Pleas overruling its motion for relief from judgment. Appellant filed the Civ.R. 60(B) motion from the May 2, 2012 underlying order, which stated that a damage hearing was set for August 14, 2012.

However, to date, the damage hearing has not been held. In fact, on August 24, 2012, the trial court stayed the hearing until this appeal is completed.

{¶2} On October 17, 2012, appellee, the state of Ohio, by and through Attorney General Michael DeWine, filed a motion to dismiss for lack of jurisdiction. Specifically, appellee contends that there is no final appealable order under R.C. 2505.02 because the trial court has not yet ruled on the issue of damages. Also, appellee maintains that there is no final appealable order under Civ.R. 54(B) because the trial court's order did not dispose of all claims and the entry failed to state that there was "no just reason for a delay."

{¶3} On October 26, 2012, appellant filed a brief in opposition to appellee's motion to dismiss. Appellant asserts, inter alia, that this court has jurisdiction even though the issue of damages remains pending in the trial court because the part of the order that granted a permanent injunction affected a substantial right and was done in a special proceeding, thereby making it a final order.

{¶4} On November 6, 2012, appellee filed a reply to appellant's brief in opposition. Appellee reiterated that this court must dismiss appellant's appeal at this time because the August 20, 2012 judgment does not constitute a final appealable order pursuant to R.C. 2505.02 or Civ.R. 54(B).

{¶5} Preliminarily, this court stated in *Ohio and Vicinity Regional Council of Carpenters v. McMarty*, 11th Dist. No. 2005-T-0063, 2006-Ohio-2019, ¶4-6:

{¶6} "It is well-settled that 'an order must be final before it can be reviewed by an appellate court.' *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 19

2

(1989). 'If an order is not final, then an appellate court has no jurisdiction.' *Id.* (citation omitted).

{¶7} "When determining whether a judgment is final, an appellate court engages in a two-step analysis: First, the court determines if the order is final, subject to the requirements of R.C. 2505.02. If the court finds the order complies with the statute, the court must next decide if Civ.R. 54(B) language is required. *Id.* at 21.

{¶8} "R.C. 2505.02 defines a final order as 'an order that affects a substantial right in an action that in effect determines the action and prevents a judgment,' or 'an order that affects a substantial right made in a special proceeding.' R.C. 2505.02(B)(1) and (B)(2)."

{¶9} Civ.R. 54(B) explains:

{¶10} "In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudication all the claims and the rights and liabilities of the parties."

{¶11} This court went on to state in *McMarty, supra,* at ¶12:

{¶12} "It is well-settled that a judgment from a civil proceeding 'which defers damages for a later determination of an uncertain amount is not a final appealable order.' *Glass v. Glass*, 11th Dist. No. 2004-L-214, 2005-Ohio-1688, ¶2; *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 546 (1997); *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 53 (1996) (orders determining liability

3

and deferring the determination of damages are not final orders under R.C. 2505.02 'because they (do) not determine the action, prevent a judgment, or affect a substantial right in a special proceeding')."

{¶13} In the instant case, the trial court's May 2, 2012 underlying order, which appellant's Civ.R. 60(B) motion was filed upon, deferred damages for a later determination of an uncertain amount. We note that the denial of a Civ.R. 60(B) motion is generally a final appealable order. However, in this case, there was no final order in the first place because the trial court had not issued a ruling on damages. *McMarty, supra,* at ¶12. Although appellant labeled its motion as a motion for relief pursuant to Civ.R. 60(B), its motion was actually a motion for reconsideration of a non-final order that could be modified at any time before entering final judgment. *See Harris v. Lucic Gen. Contractors, Inc.*, 11th Dist. No. 2011-L-112, 2012-Ohio-2004, ¶15.

{¶14} Appellant asserts that there is a final order even though the issue of damages remains pending because the part of the order that granted a permanent injunction affected a substantial right and was done in a special proceeding. However, appellant fails to fully substantiate its claim. While permanent injunction matters may be final orders, "[a]n order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met." *Ankrom v. Hageman*, 10th Dist. No. 06AP-735, 2007-Ohio-5092, ¶13, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, syllabus (1989).

{¶15} As stated, the issue of damages remains pending in the trial court. Therefore, the May 2, 2012 order is not final under R.C. 2505.02 and Civ.R. 54(B).

4

Thus, we lack jurisdiction to consider the August 20, 2012 entry.  Appellee's motion to dismiss is hereby granted.

{¶16}  Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.