[Cite as *James v. Sky Bank*, 2014-Ohio-1159.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| W. THOMAS JAMES, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiffs-Appellees, | | **CASE NO. 2013-T-0087** |
| - vs - | : | |
| SKY BANK, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2006 CV 01619.

Judgment: Appeal dismissed.

*Caroline L. Marks*, Brouse McDowell, LPA, 600 Superior Avenue East, Suite 1600, Cleveland, OH 44114, *Victor A. Mezacapa, III*, Licata & Toerek, 6480 Rockside Woods Blvd. South, Suite 180, Independence, OH 44131, and *Louise M. Mazur*, Brouse McDowell, 388 South Main Street, Suite 500, Akron, OH 44311 (For Plaintiffs-Appellees).

*Shawn W. Maestle*, Weston Hurd LLP, The Tower At Erieview, 1301 East Ninth St., Suite 1900, Cleveland, OH 44114 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, The Huntington National Bank, successor by merger to Sky Bank ("Huntington"), appeals from the July 17, 2013 judgment of the Trumbull County Court of Common Pleas ordering its magistrate to hold an evidentiary hearing on damages, pursuant to this court's remand in *James v. Sky Bank*, 11th Dist. Trumbull

No. 2010-T-0116, 2012-Ohio-3883. Contemporaneously with its notice of appeal, Huntington filed a procedendo and prohibition petition with this court in *State ex rel. The Huntington National Bank v. Kontos*, Case No. 2013-T-0089. A review of the trial court docket reveals that no damage hearing has been held at this time.

{¶2} On September 16, 2013, appellees, W. Thomas James and James Funeral Home, Inc. ("James") filed a motion to dismiss for lack of jurisdiction. Specifically, James contends that there is no final appealable order under R.C. 2505.02(B) because the trial court has not yet ruled on the issue of damages.

{¶3} On September 26, 2013, Huntington filed a brief in opposition to James' motion to dismiss. Huntington asserts that this court has jurisdiction because the trial court granted a "new trial."

{¶4} On October 3, 2013, James filed a reply brief. James contends that the trial court did not grant a "new trial" within the meaning of R.C. 2505.02(B)(3) and reiterates that this court must dismiss Huntington's appeal at this time because the July 17, 2013 judgment does not constitute a final appealable order.

{¶5} Preliminarily, this court recently stated in *State ex rel. DeWine v. Big Sky Energy, Inc.*, 11th Dist. Ashtabula No. 2012-A-0042, 2013-Ohio-437, ¶6-7:

{¶6} "'It is well-settled that "an order must be final before it can be reviewed by an appellate court." *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 19 * * * (1989). "If an order is not final, then an appellate court has no jurisdiction." *Id.* (citation omitted).

{¶7} "'When determining whether a judgment is final, an appellate court engages in a two-step analysis: First, the court determines if the order is final, subject

2

to the requirements of R.C. 2505.02. If the court finds the order complies with the statute, the court must next decide if Civ.R. 54(B) language is required. *Id.* at 21." *Id., quoting Ohio and Vicinity Regional Council of Carpenters v. McMarty*, 11th Dist. Trumbull No. 2005-T-0063, 2006-Ohio-2019, ¶4-5.

{¶8} R.C. 2505.02(B) defines a final order as one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶15} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶16} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02,

3

2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

{¶17} "(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code."

{¶18} Upon review, the judgment from which Huntington has attempted to appeal does not fit any of the foregoing categories. Although Huntington asserts that the trial court granted a "new trial," thereby making the order final and appealable under R.C. 2505.02(B)(3), our review of the record reveals the trial court did no such thing. Rather, the trial court, in its July 17, 2013 judgment, ordered its magistrate to hold an evidentiary hearing on damages, pursuant to this court's remand in *James, supra*. This court has held that the scheduling of a hearing before a magistrate is not a final appealable order. *Urbancic v. Urbancic*, 11th Dist. Lake No. 2003-L-131, 2004-Ohio-1182, ¶5.

{¶19} Furthermore, "'[i]t is well-settled that a judgment from a civil proceeding "which defers damages for a later determination of an uncertain amount is not a final appealable order." *Glass v. Glass*, 11th Dist. No. 2004-L-214, 2005-Ohio-1688, ¶2; *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 546, * * * (1997); *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 53, * * * (1996) (orders determining liability and deferring the determination of damages are not final

4

orders under R.C. 2505.02 "because they (do) not determine the action, prevent a judgment, or affect a substantial right in a special proceeding")."' (Parallel citations omitted.) *Big Sky, supra,* at ¶12, quoting *McMarty, supra,* at ¶12.

{¶20} In the instant case, although the trial court included Civ.R. 54(B) language in its judgment that there was no just cause for delay, such language does not convert the order into a final order. *Nationwide Mutual Fire Ins. Co. v. M.B. Roofing Systems, Inc.,* 10th Dist. Franklin No. 12AP-44, 2012-Ohio-6195, ¶12. There is no final order here because the trial court has not yet issued a ruling on damages. *McMarty, supra,* at ¶12. Thus, the action has not, in effect, been determined nor has a judgment been prevented. In addition, no substantial right has been affected. Huntington will have a meaningful and effective remedy by way of an appeal after the trial court enters a final order.

{¶21} Accordingly, this court does not have jurisdiction to consider this appeal due to lack of a final appealable order. James' motion to dismiss is hereby granted.

{¶22} Appeal dismissed.

THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., concurs in judgment only.