[Cite as *State ex rel. Baker Living Trust v. Lordstown*, 2014-Ohio-3005.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>THE GLORIA H. BAKER LIVING<br>TRUST, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiffs-Appellees, | : | |
| | | **CASE NO. 2013-T-0068** |
| - vs - | : | |
| | : | |
| VILLAGE OF LORDSTOWN, OHIO, et al., | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 00206.

Judgment: Appeal dismissed.

*Frank R. Bodor*, 157 Porter Street, N.E., Warren, OH 44483 (For Plaintiffs-Appellees).

*James L. Blomstrom*, Harrington, Hoppe & Mitchell, Ltd., 26 Market Street, Suite. 1200, Youngstown, OH 44501(For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Village of Lordstown, Ohio, appeals from the May 21, 2013 judgment of the Trumbull County Court of Common Pleas. In that judgment, the trial court issued a preemptory writ of mandamus and ordered that the matter be set for a jury trial on damages. The trial court set the matter for a June 19, 2013 damage hearing, which to date has not taken place.

{¶2} This court stated in *Ohio and Vicinity Regional Council of Carpenters v. McMarty*, 11th Dist. No. 2005-T-0063, 2006-Ohio-2019, ¶4-6:

**{¶3}** "It is well-settled that 'an order must be final before it can be reviewed by an appellate court.' *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 19 (1989). 'If an order is not final, then an appellate court has no jurisdiction.' *Id.* (citation omitted).

**{¶4}** "When determining whether a judgment is final, an appellate court engages in a two-step analysis: First, the court determines if the order is final, subject to the requirements of R.C. 2505.02. If the court finds the order complies with the statute, the court must next decide if Civ.R. 54(B) language is required. *Id.* at 21.

**{¶5}** "R.C. 2505.02 defines a final order as 'an order that affects a substantial right in an action that in effect determines the action and prevents a judgment,' or 'an order that affects a substantial right made in a special proceeding.' R.C. 2505.02(B)(1) and (B)(2)."

**{¶6}** Civ.R. 54(B) provides that:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7} This court further stated in *McMarty, supra,* at ¶12:

{¶8} "It is well-settled that a judgment from a civil proceeding 'which defers damages for a later determination of an uncertain amount is not a final appealable order.' *Glass v. Glass*, 11th Dist. No. 2004-L-214, 2005-Ohio-1688, ¶2; *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 546 (1997); *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 53 (1996) (orders determining liability and deferring the determination of damages are not final orders under R.C. 2505.02 'because they (do) not determine the action, prevent a judgment, or affect a substantial right in a special proceeding')."

{¶9} In their amended complaint, appellees asserted three claims for relief: (1) mandamus; (2) declaratory judgment; and (3) Section 1983 civil rights violation. Under the mandamus claim, appellees sought both the issuance of a writ and an award of damages pursuant to R.C. 2731.11. Under their declaratory judgment claim, they sought a determination that Ordinance 9-2011 was invalid for a number of reasons.

{¶10} In its judgment of May 21, 2013, the trial court ordered the issuance of a writ of mandamus requiring appellant to extend the sewer line to the subject property; however, the request for damages under the mandamus claim was set for a jury trial. As to the declaratory judgment claim, the judgment does not contain specific language entering summary judgment in favor of appellees. Yet, the court did declare Ordinance 9-2011 to be invalid; thus, this claim has been totally resolved. As to the 1983 claim, the court only decided that appellant was not entitled to summary judgment on that claim. Finally, the judgment does not contain any Civ.R. 54(B) language.

{¶11} Although the declaratory judgment claim was completely decided, that determination is not immediately appealable because there is no 54(B) language. As to the mandamus claim, even though the trial court has decided that appellees are entitled

to the writ, no final decision on the second form of relief sought, i.e., damages, has been made. Therefore, a final ruling on the entire claim has not been rendered. For this reason, the decision to grant the writ would not be immediately appealable even if a 54(B) determination had been included. Last, the trial court's denial of summary judgment on the 1983 claim is not a final appealable order, with or without 54(B) language. *See State ex rel. Wilson v. Beljon*, 11th Dist. Portage No. 2012-P-0055, 2013-Ohio-4753, ¶71.

{¶12} Therefore, since none of the trial court's rulings are properly before us at this time, this court lacks jurisdiction over this matter.

{¶13} Appeal dismissed.


TIMOTHY P. CANNON, P. J.,

DIANE V. GRENDELL, J.,

concur.

4