[Cite as *Hrabak v. Walder*, 2019-Ohio-4732.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| MARGUERITE HRABAK, TRUSTEE OF THE FRANKLIN J. HRABAK LIVING TRUST, | : | **MEMORANDUM OPINION** |
| | : | |
| Petitioner-Appellee, | : | **CASE NO. 2019-G-0220** |
| - vs - | : | |
| KAREN F. WALDER, | : | |
| Respondent-Appellant, | : | |
| CHRISTOPHER A. HRABAK, et al., | : | |
| Respondents-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Probate Division, Case No. 2018 PC 000104.

Judgment: Appeal dismissed.

*Thomas A. Barni*, Dinn, Hochman & Potter, L.L.C., 5910 Landerbrook Drive, Suite 200, Cleveland, OH 44124 (For Petitioner-Appellee and Respondents-Appellees).

*Justin Madden*, Justin Madden Co., LPA, 7898 Kinsman Road, Russell, OH 44072 and *Eric J. Weiss*, Cavitch Familo & Durkin, Co., LPA, 1300 East Ninth Street, 20th Floor, Cleveland, OH 44114 (For Respondent-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Karen F. Walder, through counsel, filed an appeal from an entry of the Geauga County Court of Common Pleas, Probate Division, denying her motion to join parties. Appellees, Marguerite Hrabak, trustee of the Franklin J. Hrabak Living Trust,

Christopher Hrabak, Karla Falk, Margo Pokopac and Michelle May, filed a motion to dismiss the appeal stating that the appealed order is not final and appealable. Ms. Walder opposes appellees' motion.

{¶2} Appellee, Marguerite Hrabak, initiated an action for declaratory judgment and to approve the termination of the trust. Ms. Walder and the remaining appellees, the children of the deceased, Franklin J. Hrabak, are named beneficiaries under the trust. Ms. Walder filed a motion requesting the trial court to order the joinder of necessary parties, namely the grandchildren and great grandchildren of Franklin Hrabak, to the action. In a July 11, 2019 entry, the trial court denied Ms. Walder's motion. The instant appeal ensued.

{¶3} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3.

{¶4} R.C. 2505.02(B) defines a final order as one of the following:

{¶5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

2

{¶6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶12} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶13} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶14} "(7) An order in an appropriation proceeding * * *."

{¶15} Here, Ms. Walder argues the order is a final appealable order because it emanated from a declaratory judgment action, which is a special proceeding, and that denial of a motion to join parties affects a substantial right.

{¶16} R.C. 2505.02(A)(1) defines a "substantial right" as any right that a person is legally entitled to enforce under the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure.

3

{¶17} While it is true that a declaratory judgment action is a special proceeding because it is a special remedy not available at common law or at equity, *see Riebe Living Trust v. Concord Twp.*, 11th Dist. Lake No. 2011-L-068, 2012-Ohio-981, ¶46 (Trapp, J., concurring in judgment only), and that the appealed order implicates a rule of procedure Ms. Walder is legally entitled to enforce, the critical question we must determine is whether the order *affected* the substantial right of Ms. Walder.

{¶18} "While the entry before us may *implicate* a substantial right, it does not *affect* a substantial right. *See* Painter & Pollis, *Ohio Appellate Practice,* Section 2.5, at 42 (2011). 'An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.' *Bell v. Mt. Sinai Hosp.,* 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993)." *Riebe* at ¶49 (Trapp, J. concurring in judgment only).

{¶19} Furthermore, the order did not determine the action or prevent a judgment in Ms. Walder's favor. "The court's decision whether to join a party is equally reviewable now or after the case has been finally adjudicated." *BancOhio Natl. Bank v. Rubicon Cadillac, Inc.*, 11 Ohio St.2d 32, 34 (1984); *see also Gelum v. Governor*, 11th Dist. Trumbull No. 3680, 1987 WL 12705, *2 (June 12, 1987).

{¶20} At this juncture, the entry overruling Ms. Walder's motion to join necessary parties is not a final appealable order. Ms. Walder will have a meaningful and effective remedy by means of an appeal once a final judgment is reached. *See Tomaiko* at ¶5.

{¶21} Based upon the foregoing analysis, appellees' motion to dismiss the appeal is granted, and this appeal is dismissed for lack of a final appealable order.

{¶22} Appeal dismissed.

4

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

5