[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2022-Ohio-1207.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | CASE NO. 2021-P-0109 |
| Relator-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| PORTAGE COUNTY BOARD OF COMMISSIONERS, | Trial Court No. 2021 CV 00141 |
| Respondent-Appellee. | |

# MEMORANDUM
# OPINION

Decided: April 11, 2022
Judgment: Appeal dismissed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44426 (For Respondent-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1} Relator, Brian M. Ames, appeals the denial of his motion for summary judgment. The appeal is dismissed for lack of a final, appealable order.

{¶2} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). "An appellate court, when determining whether a judgment is final, must engage in a two-

step analysis. First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required." *Id.* at 21.

{¶3} On April 30, 2021, relator filed an amended verified complaint in mandamus, declaratory judgment, and injunction against respondent, the Portage County Board of Commissioners. Relator moved for summary judgment, which respondent duly opposed. On October 13, 2021, the trial court concluded that relator had not met his evidentiary burden, denied the motion for summary judgment as to all counts, and specified that "there is no just reason for delay."

{¶4} Relator and respondent both contend that the trial court's order denying summary judgment is a final order under R.C. 2505.02(B)(2): "[a]n order that affects a substantial right made in a special proceeding[.]"

{¶5} A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). "A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." *Gen. Acc. Ins. Co.* at paragraph two of the syllabus; *Hrabak v. Walder*, 11th Dist. Geauga No. 2019-G-0220, 2019-Ohio-4732, ¶ 17 ("a declaratory judgment action is a special proceeding because it is a special remedy not available at common law or at equity").

{¶6} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce

2

Case No. 2021-P-0109

or protect." R.C. 2505.02(A)(1); *see also Armstrong v. Herancourt Brewing Co.*, 53 Ohio St. 467, 480, 42 N.E. 425 (1895) ("A substantial right involves the idea of a legal right, one which is protected by law."). "An order which *affects* a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." (Emphasis added.) (Citations omitted.) *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993); *Hrabak* at ¶ 18; *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 166 Ohio App.3d 268, 2006-Ohio-2018, 850 N.E.2d 127, ¶ 19 (11th Dist.).

{¶7} "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." (Citations omitted.) *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90, 554 N.E.2d 1292 (1990). "This is because the denial of the motion does not determine the outcome of the case. * * * [A] judgment in either party's favor is not precluded." (Citation omitted.) *Rhodes v. Paragon Molding, Ltd.*, 2d Dist. Montgomery No. 23969, 2010-Ohio-6110, ¶ 32.

{¶8} Respondent relies on an exception to the general rule, which provides that an appellate court may review a denial of summary judgment when the trial court has entered final judgment in favor of the non-moving party and the facts are not disputed. *See, e.g., Seoane-Vazquez v. Rosenberg*, 2019-Ohio-4997, 149 N.E.3d 1109, ¶ 20 (10th Dist.). "While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to

3

judgment as a matter of law." (Internal citations omitted.) *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.*, 27 Ohio St.3d 25, 28, 500 N.E.2d 1370 (1986); *accord Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 880 N.E.2d 88, 2008-Ohio-87, ¶ 16.

{¶9}  Here, however, the trial court did not expressly enter final judgment in favor of respondent or against relator and we will not infer an intention to do so.  Thus, although issued in a special proceeding, the trial court's denial of summary judgment is not a final, appealable order because it does not foreclose appropriate relief in the future.  *See Nationwide*, 2006-Ohio-2018, at ¶ 20.  "'While the entry before us may *implicate* a substantial right, it does not *affect* a substantial right.'"  *Hrabak*, 2019-Ohio-4732, at ¶ 18, quoting *Riebe Living Trust v. Concord Twp.*, 11th Dist. Lake No. 2011-L-068, 2012-Ohio-981, ¶ 49 (Trapp, J., concurring in judgment only), citing Painter & Pollis, *Ohio Appellate Practice*, Section 2.5, at 42 (2011).  "Further, * * * the trial court's use of Civ.R. 54(B) language 'does not turn an otherwise non-final order into a final appealable order.'"  *Celebrezze* at 90, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see also State ex rel. Baker Living Trust v. Lordstown*, 11th Dist. Trumbull No. 2013-T-0068, 2014-Ohio-3005, ¶ 11 (the denial of summary judgment is not a final, appealable order, with or without Civ.R. 54(B) language).  Accordingly, this court lacks jurisdiction to review the appealed entry at this juncture.

{¶10}  This appeal is dismissed for lack of a final, appealable order.


MATT LYNCH, J.,
JOHN J. EKLUND, J.,
concur.

4

Case No. 2021-P-0109