[Cite as *State ex rel. Ames v. Troy Twp. Bd. of Trustees*, 2024-Ohio-1647.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

      Relator-Appellant,

- vs -

TROY TOWNSHIP
BOARD OF TRUSTEES,

      Respondent-Appellee.

CASE NO. 2023-G-0043

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 M 000451

---

**M E M O R A N D U M**
**O P I N I O N**

Decided: April 23, 2024
Judgment: Appeal dismissed

---

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*James R. Flaiz*, Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondent-Appellee).

MARY JANE TRAPP, J.

{¶1} Relator-appellant, Brian M. Ames ("Mr. Ames"), appeals from the judgment of the Geauga County Court of Common Pleas overruling his objections to the magistrate's decision and adopting it in its entirety. For the reasons that follow, this appeal is dismissed for lack of jurisdiction.

{¶2} "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic*

*Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.  An order is final and appealable when it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  R.C. 2505.02(B)(1).  "'[F]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'"  *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 8, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶3}  "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02."  *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90, 554 N.E.2d 1292 (1990).  This is because the denial of the motion does not determine the outcome of the case, and a judgment in either party's favor is not precluded.  *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2021-P-0109, 2022-Ohio-1207, ¶ 7.

{¶4}  In the underlying action, Mr. Ames filed a "verified complaint in mandamus, declaratory judgment, and injunction for enforcement of R.C. 121.22," alleging respondent-appellee, Troy Township Board of Trustees ("the board"), violated the Open Meetings Act on 15 occasions by "fail[ing] to state an approved matter or purpose for holding an executive session," "holding an executive session for a purpose not specifically except by law," and "fail[ing] to keep full and accurate minutes."  Mr. Ames moved for summary judgment, which the board opposed.

2

{¶5} The magistrate filed a decision recommending that the trial court grant Mr. Ames' motion for summary judgment in part; deny the motion "[i]n all other respects"; issue two injunctions against the board; and order the board to pay two civil forfeitures of $500 to Mr. Ames.

{¶6} Mr. Ames filed objections to the magistrate's decision. The trial court filed a judgment overruling Mr. Ames' objections and adopting the magistrate's decision in its entirety. The trial court granted Mr. Ames' motion for summary judgment in part, denied it "[i]n all other respects," and issued remedies consistent with the magistrate's recommendations.

{¶7} Mr. Ames appealed from the trial court's judgment. This court ordered the parties to brief whether the appealed judgment is final and appealable. Both parties filed responsive briefs.

{¶8} Based on the record before us, the trial court appears to have granted summary judgment to Mr. Ames on his first and second categories of claims, i.e., those alleging that the board failed to state an approved matter/purpose for holding executive sessions and that it held executive sessions for purposes not specifically excepted by law. The trial court appears to have denied summary judgment to Mr. Ames on his third category of claims, i.e., those alleging the board failed to keep full and accurate minutes. In particular, the magistrate's decision states, "No evidence shows the Board failed to keep full and accurate minutes." While that statement constitutes a basis to deny summary judgment to Mr. Ames, it does not dispose of those claims. We will not infer that the trial court intended to enter judgment in favor of the board. *See Ames* at ¶ 9. Thus, the appealed judgment does not dispose of the entire case.

3

{¶9} The board states that the appealed judgment "implies finality"; however, the board does not contend that the judgment is actually final.

{¶10} Mr. Ames contends that we cannot find the appealed judgment to be nonfinal because the trial court did not specify what constitutes "all other respects." We disagree. The trial court's partial denial of summary judgment demonstrates it did not dispose of the entire case and, thus, is sufficient to render the judgment nonfinal.

{¶11} Accordingly, this appeal is dismissed, sua sponte, for lack of a final appealable order.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

4