[Cite as *State ex rel. Caszatt v. Gibson*, 2013-Ohio-213.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE ex rel. SEAN CASZATT, et al., | : | **PER CURIAM OPINION** |
| Relators, | : | |
| | : | **CASE NO. 2012-L-107** |
| - vs - | : | |
| JOSEPH GIBSON, IN HIS OFFICIAL CAPACITY AS JUDGE OF THE LAKE COUNTY COURT OF COMMON PLEAS, et al., | : | |
| | : | |
| | : | |
| Respondents. | : | |

Original Action for Writs of Mandamus, Procedendo, and Prohibition.

Judgment: Writs of Mandamus and Procedendo Granted; Writ of Prohibition Denied.

*Anand N. Misra*, The Misra Law Firm, L.L.C., 3659 Green Road, Suite 100, Beachwood, OH 44122, and *Robert S. Belovich*, 9100 South Hills Boulevard, Suite 300, Broadview Heights, OH 44147 (For Relators).

*Charles E. Coulson*, Lake County Prosecutor, and *Joshua S. Horacek*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

PER CURIAM.

{¶1} This action is before the court for consideration of the motion to dismiss of respondents, Judge Joseph Gibson and Lake County Court of Common Pleas, and motion for summary judgment of relators, Sean Caszatt and the class of consumers

defined and certified in Lake County Court of Common Pleas Case No. 08-CV-002587, represented by Mr. Caszatt as the certified class representative.

**The Underlying Case**

{¶2} Asset Acceptance LLC (hereafter "Asset"), is engaged in the business of purchasing charged-off consumer debts and enforcing the debts in courts of various states. In 2008, it filed a lawsuit against Sean C. Caszatt in Painesville Municipal Court to collect a credit card debt. The date of delinquency for Mr. Caszatt's account was October 2001. The pertinent credit card agreement provision stated: "No matter where you live, this Agreement and your Credit Card Account are governed by federal law and by New Hampshire law." New Hampshire has a three-year statute of limitations for collections of credit card debts. Mr. Caszatt filed a counterclaim alleging Asset's internal guidelines applied Ohio's 15-year statute of limitations for written contracts, even for accounts with a choice-of-law provision where the choice-of-law state law, such as New Hampshire, imposes a much shorter statute of limitations for collections of credit card debts. Mr. Caszatt alleged this standard practice by Asset violates R.C. 2305.03(B), which provides that a shorter period of limitations from a foreign state is enforceable in cases filed in Ohio. He claimed that Asset's practice of filing time-barred lawsuits against consumers is unfair, unconscionable, and a misrepresentation in violation of consumer protection statutes, including the federal Fair Debt Collection Practices Act ("FDCPA"). Mr. Caszatt sought class certification for his claim.

{¶3} The trial court denied certification and Mr. Caszatt appealed in *Asset Acceptance LLC v. Caszatt*, 11th Dist. No. 2009-L-090, 2010-Ohio-1449 ("*Asset I*"). We

reversed the trial court, holding that this FDCPA case should be maintained as a class action and directing the trial court to certify the class.

{¶4} After remand, the court granted summary judgment in favor of Mr. Caszatt on Asset's claim of nonpayment on the ground that it was time-barred. Regarding Mr. Caszatt's counterclaim, the trial court granted summary judgment in favor of Asset, except for the FDCPA claim. The trial court's judgment left the FDCPA claim for trial and Asset did not appeal this judgment. Subsequently, the court issued a judgment entry, certifying the class as follows: "all persons against whom Asset LLC has filed a lawsuit in Ohio, to collect a credit card debt, where the credit card agreement contained a choice of law provision, applying the law of a state other than Ohio. Further the lawsuit was filed on or after June 6th, 2006, and was filed after the statute of limitations had expired under the law of Ohio or under the law of the choice-of-law state." The court also stated that Mr. Caszatt shall serve as the class representative.

{¶5} Asset appealed in *Asset Acceptance LLC v. Caszatt*, 11th Dist. No. 2011-L-080, 2012-Ohio-1886. On appeal, Asset appeared to dispute the makeup of the members of the class. We explained R.C. 2505.02(B)(5) does not grant this court jurisdiction to review the trial court's order certifying the class on remand, after this court had determined this case may be maintained as a class action. We therefore dismissed the appeal for the lack a final appealable order.

{¶6} After receiving another adverse decision from this court, Asset sought removal to federal court. Because removal to the federal court is only available to a defendant, Asset – the plaintiff in the underlying complaint and defendant in the counterclaim – filed a "Motion to Realign the Parties" with the trial court for the express

3

purpose of removing this case to federal court. Asset asked the trial court for an order "realigning" the parties – to designate counterclaim-plaintiff Mr. Caszatt as plaintiff and counterclaim-defendant, Asset, as defendant. Asset argued "realignment" was warranted because the counterclaim was the only claim pending.

**{¶7}** Mr. Caszatt opposed the motion, alleging Asset was engaging in forum-shopping. He argued there is no provision in the Rules of Civil Procedure authorizing inversion of the parties as requested by Asset.

**{¶8}** On September 12, 2012, the trial court granted Asset's motion. It held that, for "purposes of clarity," the parties should be "realigned to reflect their true roles in the remaining claim." The court stated that the only remaining claim in this case concerned a violation of the federal law and therefore it is better adjudicated in federal court. In an unusual move, the court ordered Mr. Caszatt to file an "amended complaint" showing Mr. Caszatt as Plaintiff and Asset as Defendant, within 14 days. The court subsequently entered a nunc pro tunc entry indicating that the order realigning the parties also included the certified class.[1]

### The Instant Original Action

**{¶9}** On September 19, 2012, relators, Mr. Caszatt and the class of consumers defined and certified in Case No. 08-CV-00258, filed a "Verified Petition and Complaint for Writ of Mandamus, Writ of Procedendo, Writ of Prohibition, and Injunctive Relief" against respondents, Judge Gibson, in his official capacity as judge of the Lake County Court of Common Pleas, and Lake County Court of Common Pleas. Relators request: (1) a writ of mandamus to compel respondents to vacate the order facilitating the

---

1. The trial court also entered an order staying all proceedings in this case pending determination of the instant original action.

transfer of the case and to adjudicate the merits of the case; (2) a writ of prohibition to prohibit respondents from proceeding in this case with party designations different from those currently existing, and to prohibit respondents from requiring Mr. Caszatt to file an "amended complaint;" (3) a writ of procedendo requiring that respondents proceed to final judgment in accordance with this court's mandate; and (4) an injunction to enjoin respondents from suspending the order, pendent lite, and permanently.[2]

{¶10} This court issued an alternative writ, ordering the respondents to file either an answer or a motion to dismiss pursuant to Civ.R. 12(B). We also suspended the trial court's September 12, 2012 order until further order of this court. In response to the alternative writ, respondents filed a motion to dismiss. Relators then filed a memorandum in opposition to respondents' motion to dismiss and, contemporaneously, a motion for summary judgment. Respondents filed a reply to relators' memorandum in opposition, and a "response to relators' motion for summary judgment," which alleges the motion for summary judgment is premature. Relators filed their reply memorandum in support of their motion for summary judgment addressing the "premature" argument. Finally, Relators filed a motion to strike respondents' reply in support of their motion to dismiss, or in the alternative, a motion for leave to file a surreply, which was attached to relators' motion. Respondents did not oppose the filing of the surreply.

**Mandamus**

{¶11} For a writ of mandamus to issue, the relator must establish a clear legal right to the relief for which is prayed, the respondent must have a clear legal duty to

---

2. On September 26, 2012, Asset filed a notice of removal of the underlying case (designating Mr. Caszatt as Plaintiff and Asset as Defendant) in the United States District Court for the Northern District of Ohio (Case No. 1:12CV 2423). In response, on October 4, 2012, relators moved the District Court to remand the case to Lake County Common Pleas Court. The District Court granted the motion on November 29, 2012 and remanded the case.

5

perform the act, and the relator must have no plain and adequate remedy in the ordinary course of the law. *State ex rel. National Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988).

{¶12} "A mandamus is a civil proceeding, extraordinary in nature since it can only be maintained when there is no other adequate remedy to enforce clear legal rights." *State ex rel. Widmer v. Mohney*, 11th Dist. No. 2007-G-2776, 2008-Ohio-1028, ¶31, citing *State ex rel. Brammer v. Hayes*, 164 Ohio St. 373 (1955).

### Writ of Procedendo

{¶13} To be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is proper when a court has refused to enter judgment, or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 (1995). An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994). "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment." *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 45 (1990), quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 (1937). "Procedendo is a proper remedy in any case in which a court has jurisdiction but refuses to exercise it." Painter & Pollis, *Ohio Appellate Practice*, Section 10:50 (2011-2012 Ed.).

6

## Law of the Case Doctrine and Original Actions

{¶14} "'The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that [a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.' *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 1997 Ohio 72, 678 N.E.2d 549, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. Writs of mandamus and procedendo are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court. *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 1999 Ohio 100, 714 N.E.2d 888 (mandamus and prohibition); *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 185, 1995 Ohio 98, 652 N.E.2d 742 (procedendo)." *State ex rel. Non-Employees of Chateau Estates Residents Association v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, ¶14

## Writ of Prohibition

{¶15} A writ of prohibition can only be issued where the relator establishes that: (1) a judicial officer or court intends to exercise judicial power over a pending matter; (2) the proposed use of that power is unauthorized under the law; and (3) the denial of the writ will result in harm for which there is no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, ¶14; *State ex rel. Sliwinski v. Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, ¶7. A writ of prohibition is a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority. *State ex*

*rel. Feathers v. Hayes*, 11th Dist. No. 2006-P-0092, 2007-Ohio-3852, ¶9; *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 (1998). The writ is an extraordinary remedy which should not be issued in a routine manner. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, ¶15.

**Motion to Dismiss**

**{¶16}** A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint. *Huffman v. Willoughby*, 11th Dist. No. 2007-L-040, 2007-Ohio-7120, ¶16. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). "In order for a court to grant a motion to dismiss for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).

**Summary Judgment**

**{¶17}** Pursuant to Civ.R. 56(C), summary judgment is granted when the moving party has shown that: (1) no genuine issues of material fact remain to be tried; (2) he is entitled to final judgment as a matter of law; and (3) the evidentiary materials are such that, even when those items are construed most favorably for the non-moving party, a reasonable individual could only reach a conclusion adverse to that party. *State ex rel. Lemons v. Kontos*, 11th Dist. No. 2010-T-0101, 2011-Ohio-653, ¶14.

**{¶18}** In this case, upon the alternative writ issued by this court directing respondents to file either an answer or a motion to dismiss, respondents filed a motion

8

to dismiss. After relators filed a motion for summary judgment, respondents filed a response to relators' motion for summary judgment, contending only that this case is not ripe for summary judgment. Respondents claim that until they "file an answer that may, or may not, put material facts in dispute, it should not be assumed that there will be no material facts in dispute." The pertinent portion of Rule 56(A) states:

{¶19} "A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion for pleading by the adverse party * * *."

{¶20} The Staff Notes for the amendment of Civ.R. 56(A) states that "RULE 56(A) is an adaptation of Federal Rule 56(a) and § 2311.041(A), R.C. It allows a claimant upon an original claim, counterclaim, cross-claim or declaratory judgment to move for summary judgment at any time after the expiration of the time for moving or pleading (generally twenty-eight days after service of the complaint) or at any time after service of a motion for summary judgment. * * * This provision in Rule 56(A) replaces the current statutory 'at issue' requirement. Under Rule 56(A) claimant may move for summary judgment after twenty-eight days from the commencement of the action – normal answer time established by Rule 12(A)(1) – or at any time after the opposing side has moved for summary judgment. Thus unlike the current practice, there is no requirement that an answer or reply be filed to put the case at issue."

{¶21} Respondents argue that until they file an answer, we should not assume there will be no material facts in dispute, and, therefore a ruling on relators' motion for summary judgment is premature. Respondents give no indication what these "materials

facts" might be or what prejudice they will suffer without being able to first file an answer.

{¶22} The only question in this original action is the lawfulness of respondents' September 12, 2012 order (as corrected by the September 20, 2012 nunc pro tunc order), requiring Mr. Caszatt, the defendant in the underlying complaint, to "file an amended complaint" designating himself and the class members as plaintiffs and Asset as defendant. We have the orders before us and, as such, this case is ready for adjudication on the merits upon relators' motion for summary judgment.

## The Trial Court's Order is not Authorized by the Rules of Civil Procedure

{¶23} Keeping all the foregoing legal principles in mind, we now consider whether any form of relief sought by Mr. Caszatt is warranted in this case. Here, Mr. Caszatt raised the FDCPA claim in his counterclaim. Pursuant to 15 U.S.C. 1692K(d), a common pleas court has concurrent jurisdiction on FDCPA claims. Therefore, the Lake County Common Pleas court enjoyed jurisdiction over the counterclaim. After four years of litigation over the counterclaim and two adverse decisions from this court, Asset now seeks removal to federal court. Removal is governed by 28 USCS 1441 ("Removal of civil actions"). It states:

{¶24} "(a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10

{¶25}   It is well settled that a plaintiff may not remove an action to federal court. *Abulkhair v. Liberty Mut. Ins. Co.*, 379 Fed. Appx. 130, 132 (3rd Cir.2010). Furthermore, a counterclaim may not form the basis for removal.  *Capital One Bank (USA) N.A. v. Jones*, 710 F.Supp.2d 630, 632 (N.D.Ohio 2010), petition for review denied, CA 10-309 (6th Cir. June 17, 2010).  A plaintiff who institutes an action in a state court cannot be regarded as a defendant for the purpose of obtaining the removal of a counterclaim.  *See Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 106, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)*.  See also In re Morgan & Pottinger*, *P.S.C.*, 6th Cir. No. 10-0309, 2010 U.S. App. LEXIS 27015 (June 10, 2010) (a counterclaim defendant may not remove a case from the state court to federal court).  Therefore, Asset, as the plaintiff in the underlying complaint and counterclaim-defendant, cannot remove this case to the federal court.

{¶26}   To circumvent this procedural obstacle, Asset filed a "Motion to Realign Parties," for the express purpose of facilitating removal of the counterclaim to the federal court.  The trial court granted the motion and, in an extraordinary move, ordered Mr. Caszatt to file an "amended complaint" naming him and the class members as Plaintiffs and Asset as Defendant, reasoning that the parties should be "realigned" for "purposes of clarity" and that the federal claim would be better adjudicated in the federal court.

{¶27}   The trial court's order is clearly and patently not authorized by the Rules of Civil Procedure.  In this case, Mr. Caszatt filed a counterclaim, which is a "pleading that sets forth a claim for relief."  *See* Civ.R. 8(A) ("A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall

11

contain * * * a short and plain statement of the claim showing that the party is entitled to relief * * *."); *Tinlin v. White*, 7th Dist. No. 680, 1999 Ohio App. LEXIS 4410, *15 (Sept. 20, 1999) ("The Civil Rules and relevant commentary plainly indicate that a counterclaim is a pleading * * *.")

{¶28} Although a counterclaim is a pleading, it is a pleading distinct from a complaint, which, as defined by Civ.R. 3(A), is *the* pleading that causes the commencement of a civil action. There is no provision in the civil rules to allow the parties (or the court for that matter) to magically transform a counterclaim into a complaint. Because Mr. Caszatt never filed a complaint in this case, he could not "amend" a pleading he had not filed in the first instance.

{¶29} Moreover, amendment of pleadings is governed by Civ.R. 15, which *permits* a party to amend his or her pleading under appropriate circumstances. First, the rule does not provide for a change in party designation via an amended pleading. Second, nothing in Civ.R.15 authorizes a trial court to require a party to amend a pleading against his own interest to accommodate the opposing party and to prejudice himself.

{¶30} For these reasons, respondents exceeded their legal authority in ordering Mr. Caszatt to file an "amended complaint."

**"Realignment" of Parties and Removal**

{¶31} Turning now to the notion of "realignment" of parties, the mechanism Asset attempted to utilize to facilitate removal. Realignment is defined in Black's Law Dictionary as "[t]he process by which the court, for determining diversity jurisdiction, realigns the parties as plaintiffs and defendants according to the ultimate interest of

12

each." (1980 6th Ed.) Under this definition, the notion is clearly inapplicable in this case.

{¶32} Respondents cited several federal cases purportedly supporting a trial court's authority to realign the parties. In *McCrone v. Bank One Corp.*, 105 Ohio St.3d 1444, 2005-Ohio-669, the Supreme Court of Ohio granted appellee, Bank One Corporation's, motion to realign the parties for purposes of oral argument. In *Smith v. Jones*, 175 Ohio App.3d 705, 707, 2007-Ohio-6708 (3rd Dist.), plaintiff Smith was insured by Jones during the course of her employment. Smith named Jones and Ohio Bureau of Workers' Compensation as defendants; because it shared economic interest with plaintiff, the bureau moved to be realigned as a named party plaintiff, which the trial court granted. In *New Artesian v. Stiefel*, 5th Dist. No. 1999CA00163, 2000 Ohio App. LEXIS 515 (Feb. 14, 2000), the trial court similarly granted a motion to realign a defendant (who raised a subrogation claim) as a plaintiff to reflect the parties' shared interests. None of these cases are applicable.

{¶33} The only case cited by respondents that has some bearing on this case is *Hrivnak v. NCO Portfolio Mgmt.*, 723 F.Supp.2d 1020, 1028 (N.D.Ohio 2010), a similar debt collection case. There, NCO sued Hrivnak to collect debts owed. Hrivnak answered and also filed a counterclaim alleging violation of FSCPA, as Mr. Caszatt did in this case. NCO then moved to dismiss its complaint, and the trial court granted the motion. One of the defendant corporate entities then filed a motion asking the Cuyahoga Court of Common Pleas to "realign" the parties. The trial court granted the motion and instructed Hrivnak to "file a complaint asserting his affirmative claims in relief." *Id.* at 1021. Hrivnak filed a complaint as instructed, designating himself as

13

Plaintiff and the counterclaim defendants as Defendants. *Id.* The newly designated defendants promptly filed a removal notice with the U.S. District Court for the Northern District of Ohio, and Hrivnak filed a motion to remand to the state court.

{¶34} The issue before the district court was whether "realignment" of parties ordered by a state court can confer subject matter jurisdiction in federal court, where none existed at the inception of the lawsuit. Interpreting the removal statute, 18 U.S.C. 1446(b), and acknowledging that the question was not susceptible to an easy answer, the federal court noted conflicting federal case law relating to this issue and stated that its interpretation of the removal statute led it to conclude that "a state court order realigning a particular party as a plaintiff or a particular party as a defendant can create removal jurisdiction where none previously existed * * *." *Id.* at 1028.

{¶35} Respondents cited *Hrivnak* for the proposition that when a state court realigns parties, the realigned defendant can properly remove an action to federal court.

{¶36} *Hrivnak* is distinguishable, because *Hrivnak* and the case at hand were at different procedural junctures, and *Hrivnak* decided an issue different from the issue before us. The issue before the *Hrivnak* court – where the defendant/counterclaim-plaintiff *did* file a pleading designating himself as plaintiff and counterclaim-defendants as defendants – was whether federal court had removal jurisdiction over a case when a counterclaim-defendant had already been re-designated as defendant and sought removal to the federal court. The district court answered the question in the affirmative, based on its interpretation of the federal removal statute.

{¶37} The issue before us, however, is different. In this original action, we are asked to consider the lawfulness of the respondents' order requiring a

14

defendant/counterclaim-plaintiff to "file an amended complaint" against his interest to facilitate the counterclaim-defendant's desire for removal of the counterclaim. As we explain above, the civil rules provide no authority for the trial court's act.

{¶38} In addition to a lack of authority for the trial court's order, we also note that, unlike *Hrivnak*, where the realignment and removal occurred at a very early stage of the proceedings, Asset sought removal of the counterclaim late in the day, after the matter has been extensively litigated in the state court over a four year period, including two appeals before this court. After receiving adverse outcome on both appeals, Asset sought a second bite at the apple in federal court. The district court, in granting relators' motion to remand, recognized this as well, stating in its decision: "The court should not permit a party to engage in such blatant acts of forum shopping. Forum shopping frustrates the notion of federalism and stifles judicial economy. Judicial economy is especially pertinent here, where the matter is a class action, the parties have litigated the matter for over four years, and the state trial court has certified the class." (Citations omitted.) *Caszatt v. Asset Acceptance, L.L.C.*, N.D. Ohio Case No. 1:12 CV 2423. The prolonged litigation engaged by Asset reflects this is yet another tactic to delay the adjudication of the FDCPA claim on the merits.

{¶39} Respondents argue that in removal proceedings the state court's involvement is limited to receiving notice of removal, citing 28 U.S.C. 1446(d), which states the filing of the notice of removal with the state court "shall effect the removal and the State court shall proceed no further unless the case is remanded." Respondents contend that whether the case is removed to the federal court is beyond their control.

**{¶40}** Respondents are correct regarding the state court's very limited role in removal proceedings. The problem in this case is that respondents played an *active* role unauthorized by the civil rules – it ordered a party to "amend" a pleading for the purpose of facilitating the removal and, in effect, refused to exercise its jurisdiction to hear a FDCPA claim. Without respondents' role in ordering a reversal of the parties' designation, a notice of removal *could not lawfully* be filed.

## Lack of Plain and Adequate Remedy at Law

**{¶41}** Last but not least, under the unique circumstances of this case, relators lack a plain and adequate remedy at law, because the trial court's order effectively precludes an appellate review of the trial court's September 12 order. This is because removal, if granted by the federal court, deprives the state court of jurisdiction. Therefore, relators' claim asserted in the instant original action could not be raised by way of appeal, and thus, there is no plain and adequate remedy in the ordinary course of the law. R.C. 2731.05.

**{¶42}** Although the federal court granted realtor's motion to remand, noting the procedural distinction between the *Hrivnak* case, where there was a realignment order and this case, where there is not yet a realignment order, only an unlawful order to amend a pleading to achieve realignment, the procedural fact remains that the September 12, 2012 order, as corrected, still stands. It has only been suspended by this court's order. If this court declines to act, relators cannot ignore the trial court's order to amend, and once the amended pleading is filed, a "realignment" order may issue and another notice of removal will be filed.

16

**{¶43}** It is not speculation on our part to determine at this point what will occur if we decline to grant relief in this original action. Asset filed its motion to realign the parties with the express purpose of removal. In granting the motion the trial court expressly stated that as "the only issue remaining in this matter concerns a violation of federal law, the Court acknowledges that this case may be better adjudicated in federal court," even though the trial court has jurisdiction to hear that federal claim, and even though Asset chose state court as the forum for litigation when it filed its lawsuit against Mr. Caszatt.

**{¶44}** Based upon the federal court's remand order, we cannot speculate whether the federal court will accept jurisdiction when it *is* presented with an order realigning the parties; but if it does, the relators' appellate rights in state court will be extinguished.

### Writs of Mandamus and Procedendo are Proper

**{¶45}** Relators have shown extraordinary circumstances entitling them to relief in mandamus and procedendo. We hold relators are entitled to a writ of mandamus compelling respondents to vacate the September 12 order, as relators have successfully demonstrated that they have a clear legal right to the relief, respondents have a clear legal duty to perform the act, and relators have no plain and adequate remedy in the ordinary course of the law. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184 (1990) (where a court has made an unlawful order exceeding its authority, mandamus is the proper remedy by which to compel such court to set aside and vacate such order).

**{¶46}** Relators are also entitled to a writ of procedendo, as they have established they have a clear legal right to require respondents to proceed to adjudication of the merits of the counterclaim, and that respondents have a clear legal duty to do so.

**{¶47}** A writ of prohibition, however, is not appropriate in this case, as such a writ is intended to enjoin a court from acting beyond the scope of its jurisdiction. *State ex rel. Tubbs Jones v. Suster, supra.* Respondents' jurisdiction in this case is undisputed.[3]

**{¶48}** Applying the appropriate motion to dismiss and summary judgment standard, we therefore deny respondents' motion to dismiss and grant relators' motion for summary judgment regarding relators' complaint for a writ of mandamus and procedendo, and we grant respondents' motion to dismiss and deny relators' motion for summary judgment regarding relators' request for a writ of prohibition.

**{¶49}** It is the order of this court that final judgment is hereby entered in favor of relators as to their complaint for a writ of mandamus and procedendo.


CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., THOMAS R. WRIGHT, J., concur.

---

3. Relators also requested relief in injunction regarding the September 12 order. As the trial court is ordered to vacate the order pursuant to the writ of mandamus, it is no longer necessary for us to address the propriety of such injunctive relief in this case.