[Cite as *State ex rel. Huntington Natl. Bank v. Kontos*, 2014-Ohio-1374.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| STATE ex rel. THE HUNTINGTON NATIONAL BANK, et al., | : | **O P I N I O N** |
| | : | |
| Relator, | : | **CASE NO. 2013-T-0089** |
| - vs - | : | |
| HONORABLE JUDGE PETER J. KONTOS, | : | |
| | : | |
| Respondent. | : | |


Original Action for Writ of Procedendo and Prohibition.

Judgment: Petition dismissed.


*Shawn W. Maestle*, Weston Hurd LLP, The Tower at Erieview, 1301 East Ninth St., Suite 1900, Cleveland, OH 44114 (For Relator).

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).


COLLEEN MARY O'TOOLE.

{¶1} This matter is before this court on the August 19, 2013 "Petition for Writ of Procedendo and Prohibition," and on the August 27, 2013 "Amended Petition for Writ of Procedendo and Prohibition" filed by relator, The Huntington National Bank, successor by merger to Sky Bank. Relator maintains that because respondent, Honorable Judge Peter J. Kontos, has determined that no evidence exists in the record at this time to award damages to interested party, W. Thomas James ("James"), pursuant to this

court's remand in *James v. Sky Bank*, 11th Dist. Trumbull No. 2010-T-0116, 2012-Ohio-3883, respondent must issue judgment for relator and must be prohibited from conducting an evidentiary hearing on damages.

{¶2} A review of relator's procedendo and prohibition petition shows that its claim for relief is predicated upon the following factual background involving a construction loan dispute:

{¶3} In 2006, James, his wife, and James Funeral Home, Inc. filed a complaint for breach of contract against relator as well as other claims against defendants New Horizon Building and Remodeling, Inc., Gregory T. Yurco, a bank vice president, and James' brother, Ronald James. Prior to trial before respondent's magistrate, James dismissed all defendants except for relator. On October 1, 2010, a judgment was issued against relator for breach of contract.

{¶4} Relator filed a timely appeal with this court, Case No. 2010-T-0116. On August 27, 2012, this court reversed and remanded the judgment of the trial court. *James,* 2012-Ohio-3883. Specifically, this court held that James, in a breach of contract action, must prove and present sufficient evidence that the breach proximately resulted in damages which can be ascertained to a reasonable certainty. *Id.* at ¶31-33, 47-55. This court further held that "additional expenditures after the contractor stopped work are not the proper measure of damages caused by the bank's improper disbursement of funds." *Id.* at ¶52. This court explained that "the proper measure of damages under the circumstances of this case would be the difference between the funds the bank improperly released to the contractor ($635,000) for the work the contractor claimed it had performed, and the actual value of that work (in materials and labor)." *Id.* at ¶53.

2

**{¶5}** This court ordered that respondent apply the proper measure of damages to the existing record and determine if the evidence justified any damages. Specifically, this court stated: "[i]t is unclear whether the difference between the funds released to New Horizon and the actual value of the work completed by New Horizon could be ascertained from the evidence presented." *Id.* at ¶54. "On remand, the trial court is to recalculate damages applying the proper measurement set forth in this opinion based on the evidence contained on the record." *Id.* at ¶61.

**{¶6}** Pursuant to this court's remand, respondent ordered briefing and conducted a hearing on April 26, 2013. On July 17, 2013, respondent issued a judgment, stating that "[h]aving now reviewed the record of the trial proceedings, the Court finds that it is unable to arrive at a proper measure of damages as enunciated by the Court of Appeals without additional testimony." Thus, respondent ordered that a new evidentiary hearing on damages would be held before its magistrate.

**{¶7}** As a result, relator filed the instant procedendo and prohibition petition contemporaneously with a notice of appeal, Case No. 2013-T-0087. This court dismissed relator's appeal for lack of jurisdiction because the July 17, 2013 judgment was not a final appealable order. *James v. Sky Bank*, 11th Dist. Trumbull No. 2013-T-0087, 2014-Ohio-1159.

**{¶8}** While the appeal was pending, in response to the procedendo and prohibition petition, respondent filed a motion to dismiss on August 30, 2013, pursuant to Civ.R. 12(B), contending that relator has failed to state a claim upon which relief can be granted. On September 13, 2013, relator filed a brief in opposition. Respondent filed a reply four days later.

3

{¶9}     Regarding relator's request for prohibition, this court stated in *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶15:

{¶10}   "A writ of prohibition can only be issued where the relator establishes that: (1) a judicial officer or court intends to exercise judicial power over a pending matter; (2) the proposed use of that power is unauthorized under the law; and (3) the denial of the writ will result in harm for which there is no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, ¶14 * * *; *State ex rel. Sliwinski v. Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, ¶7 * * *. A writ of prohibition is a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority. *State ex rel. Feathers v. Hayes*, 11th Dist. No. 2006-P-0092, 2007-Ohio-3852, ¶9; *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 * * * (1998). The writ is an extraordinary remedy which should not be issued in a routine manner. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, ¶15." (Parallel citations omitted.)

{¶11} In this case, relator alleges that respondent was about to exercise jurisdiction in the underlying action by ordering his magistrate to hold an evidentiary hearing on damages. As a result, relator's allegation is legally sufficient to satisfy the first element of a prohibition claim. *Caszatt, supra,* at ¶15; *Leatherworks, supra,* at ¶16. Accordingly, the outcome of our analysis as to the sufficiency of relator's request for prohibition will turn upon whether its allegation can satisfy the second and third elements of such a claim.

{¶12} "[T]he initial issue which must be addressed in regard to the second and third elements is whether the alleged jurisdictional defect is patent and unambiguous. *

4

* * [I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous.  On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue." *Leatherworks, supra,* at ¶19.

{¶13} We note that respondent, as a sitting member of a county common pleas court, generally has subject matter jurisdiction to hear a case such as the instant.  The alleged jurisdictional defect in this action, as asserted by relator in its petition, is not patent and unambiguous.

{¶14} The exercise of judicial authority relator seeks to prohibit was specifically ordered by this court in *James,* 2012-Ohio-3883*.*  Relator seeks to prohibit respondent from conducting an evidentiary hearing on damages.  However, in *James*, this court reversed and remanded the case "for further proceedings consistent with [the] opinion," and ordered respondent to "recalculate damages applying the proper measure set forth in [the] opinion based on the evidence on the record." *Id.* at ¶61.  This court recognized that "the record lacks competent, credible evidence proving the damages awarded by the trial court to a reasonable degree of certainty under *any* measure of damages." *Id.* at ¶55.  (Emphasis sic.)  Thus, respondent properly referred the matter to his magistrate, pursuant to Civ.R. 53(D)(4)(b), to take additional evidence as to damages only, using the measure determined by this court in *James*, 2012-Ohio-3883.  Once that additional evidence is introduced, respondent may make a ruling consistent with this court's decision in *James*, 2012-Ohio-3883.

5

**{¶15}** A review of the trial court docket reveals that no damage hearing has been held at this time. Relator availed itself of an appeal, albeit the July 17, 2013 judgment that relator attempted to appeal in Case No. 2013-T-0087, was not a final appealable order, resulting in the dismissal of that appeal. *James,* 2014-Ohio-1159. However, once a damage hearing is held and a final judgment rendered, if respondent were to make an improper decision, relator still has an adequate remedy at law because it can file an appeal from that final judgment. *See, e.g., Leatherworks, supra,* at ¶14. Thus, because an adequate legal remedy does exist, relator fails to establish that it is entitled to a writ of prohibition.

**{¶16}** Regarding relator's request for procedendo, this court stated in *Caszatt, supra,* at ¶13:

**{¶17}** "To be entitled to a writ of procedendo, a relator must establish [1] a clear legal right to require the court to proceed, [2] a clear legal duty on the part of the court to proceed, and [3] the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 * * * (1995). A writ of procedendo is proper when a court has refused to enter judgment, or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 * * * (1995). * * * 'The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment.' *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 45 * * * (1990), quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 * * * (1937). 'Procedendo is a proper remedy in any case in which a court has jurisdiction but refuses to exercise it.' Painter & Pollis, *Ohio Appellate Practice*, Section 10:50 (2011-2012 Ed.)." (Parallel citations omitted.)

6

{¶18} First, relator has not established a clear legal right to require the court to proceed. Relator is asking this court to order respondent to issue a judgment *in its favor*. However, that remedy cannot properly be granted by procedendo as "a writ of procedendo is an order to proceed to judgment, not an order to proceed to a specific outcome." *State ex rel. Anderson v. Sheeran*, 10th Dist. Franklin No. 11AP-990, 2012-Ohio-2949, ¶4, citing *Sherrills, supra,* at 462.

{¶19} In addition, this court has already held that "[t]he evidence supports the trial court's finding that the bank breached the loan agreement and improperly released the funds, and that Mr. James was damaged as a result of the bank's payments without requiring the architect's certification of progress and completion percentage." *James,* 2012-Ohio-3883*,* at ¶30. Thus, if respondent were to now issue judgment in relator's favor, he would violate the law of the case doctrine. *See Caszatt, supra,* at ¶14; *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) (holding the law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.")

{¶20} Second, relator cannot establish that respondent has a clear legal duty to grant judgment in its favor. There is no language in *James* indicating that judgment should be rendered in favor of relator. Rather, this court agreed with the trial court's determination that relator breached the terms of the loan agreement. *James,* 2012-Ohio-3883*,* at ¶1. Although this court found that the trial court erred in its calculation of damages caused by the breach, this court never held that judgment should be rendered in favor of relator. *Id.*

7

**{¶21}** Third, relator cannot establish the lack of an adequate remedy in the ordinary course of the law. In its brief in opposition to respondent's motion to dismiss, relator acknowledges that it "contemporaneously with this petition filed a putative appeal of Respondent's judgment to this Court * * * [in] Case No. 2013-T-0087." As stated, relator availed itself of an appeal, albeit the July 17, 2013 judgment that relator attempted to appeal in Case No. 2013-T-0087, was not a final appealable order, resulting in the dismissal of that appeal. *James,* 2014-Ohio-1159. However, once a damage hearing is held and a final judgment rendered, if respondent were to make an improper decision, relator still has an adequate remedy at law because it can file an appeal from that final judgment. *See, e.g., Leatherworks, supra,* at ¶14.

**{¶22}** We note that an appeal is an adequate remedy to prevent a writ of procedendo. *See State ex rel. New Concept Hous., Inc. v. Metz*, 123 Ohio St.3d 457, 2009-Ohio-5862, ¶2, quoting *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶43 (holding that "'[p]rocedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., appeal.'") Thus, because an adequate legal remedy does exist, relator fails to establish that it is entitled to a writ of procedendo.

**{¶23}** Accordingly, it is the order of this court that respondent's motion to dismiss is granted. Relator's procedendo and prohibition petition is hereby dismissed.


THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with Concurring Opinion.


_____


8

TIMOTHY P. CANNON, P.J., concurring.

{¶24} I concur with the majority opinion. However, I write to more specifically address why I do not believe the trial court is "unauthorized under law" to request the taking of additional evidence.

{¶25} I agree with relator that the opinion of this court was clear that "[o]n remand, the trial court is to recalculate damages * * * based on the evidence contained on the record." *James v. Sky Bank*, 11th Dist. Trumbull No. 2010-T-0116, 2012-Ohio-3883, ¶61. Following remand, the trial court referred the matter to the magistrate; this was appropriate, because the magistrate took the initial evidence in the case. However, the trial court heard arguments of counsel regarding the remand and determined it would create a manifest injustice to issue a ruling "solely on the record now before the court."

{¶26} I disagree with relator that the trial court does not have authority to proceed in the manner it has chosen upon remand. If, as relator suggests, our remand order indicated the magistrate should issue a ruling based solely on the evidence presented at the prior trial, the order did not otherwise limit the trial court's additional options. These options are very broad in scope. Civ.R. 53(D)(4) sets forth how the trial court, in its discretion, may proceed when objections are or are not filed:

> (b) Action on magistrate's decision. Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.
>
> * * *
>
> (d) Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent

9

review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶27} Therefore, after referral to the magistrate under our remand order, the trial court was in a position to take additional evidence, refer it back to the magistrate, or exercise its discretion to do anything permitted under the rule. Because of this broad scope of authority, the trial court has discretion in this circumstance to allow for the taking of additional evidence by the magistrate. As the trial court has authority to take additional evidence, the remand from this court should not limit the trial court's authority to have that evidence taken by the magistrate.