[Cite as *Beers v. Falkowski*, 2017-Ohio-4380.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS P. BEERS, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2017-L-044** |
| - vs - | : | |
| HONORABLE COLLEEN A. FALKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Prohibition.

Judgment: Petitions dismissed.

*George K. Simakis*, G.K. Simakis & Associates, 4186 Pearl Road, Cleveland, OH 44109 (For Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Eric A. Condon*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

PER CURIAM.

{¶1} This matter is before this court on the March 20, 2017 application for writ of prohibition and the May 18, 2017 amended application for writ of prohibition filed by relator, Thomas P. Beers, against respondents, Judge Colleen A. Falkowski, Magistrate Lynne Yohe, and Magistrate Margaret Campbell.

{¶2} Relator's claim for relief is predicated upon the following factual background involving a domestic relations matter: relator and Shannon Beers were married on October 27, 2001; two children were born as issue of the marriage, B.B. (d.o.b. June 16, 2005) and M.B. (d.o.b. October 17, 2007); Shannon filed a complaint for divorce on August 23, 2013; relator filed an answer and counterclaim for divorce on September 20, 2013; the cause came on for hearing for final trial on May 6, 7, and 15, 2015; the trial court adopted a final judgment entry of divorce on April 18, 2016; relator contends the divorce decree was faulty and unclear, yet neither party filed an appeal; Shannon filed a motion to show cause on August 11, 2016; on February 1, 2017, the trial court scheduled a trial (hearing) for March 20, 2017 on the motion to show cause; on the date of the hearing, relator filed his March 20, 2017 application for writ of prohibition; the hearing went forward; and the magistrate issued a decision on April 6, 2017 finding and concluding that relator is in civil contempt, with included purge conditions, for nonpayment of $7,435.03.

{¶3} In response to the prohibition petition, respondents filed a motion to dismiss on April 7, 2017, pursuant to Civ.R. 12(B)(6), contending that relator has failed to state a claim upon which relief can be granted. On April 20, 2017, relator filed objections to the magistrate's decision. On May 18, 2017, relator filed a response in opposition to respondents' motion to dismiss and an amended application for writ of prohibition to prevent the trial court from enforcing the magistrate's April 6, 2017 decision.

{¶4} This court stated in *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶15:

{¶5} "A writ of prohibition can only be issued where the relator establishes that: (1) a judicial officer or court intends to exercise judicial power over a pending matter; (2) the proposed use of that power is unauthorized under the law; and (3) the denial of the writ will result in harm for which there is no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, * * *, 2005-Ohio-3804, ¶14; *State ex rel. Sliwinski v. Unruh*, 118 Ohio St.3d 76, * * *, 2008-Ohio-1734, ¶7. A writ of prohibition is a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority. *State ex rel. Feathers v. Hayes*, 11th Dist. No. 2006-P-0092, 2007-Ohio-3852, ¶9; *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 * * * (1998). The writ is an extraordinary remedy which should not be issued in a routine manner. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, ¶15." (Parallel citations omitted.)

{¶6} In this case, relator alleges that respondents were about to exercise, and did exercise, jurisdiction in the underlying action by holding the March 20, 2017 hearing. As a result, relator's allegation is legally sufficient to satisfy the first element of a prohibition claim. *Caszatt, supra,* at ¶15; *Leatherworks, supra,* at ¶16. Accordingly, the outcome of our analysis as to the sufficiency of relator's request for prohibition will turn upon whether his allegation can satisfy the second and third elements of such a claim.

{¶7} "[T]he initial issue which must be addressed in regard to the second and third elements is whether the alleged jurisdictional defect is patent and unambiguous. * * * [I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter

jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue." *Leatherworks, supra,* at ¶19.

{¶8} We note that respondents, as sitting members of a county common pleas court, generally have subject matter jurisdiction to hear and rule on a case such as the instant. The alleged jurisdictional defect in this action, as asserted by relator in his petitions, is not patent and unambiguous.

{¶9} However, since the March 20, 2017 hearing went forward and a magistrate's decision was rendered, if respondents made an improper decision, relator has an adequate remedy at law because he can file an appeal from a final judgment of the trial court. *See, e.g., Leatherworks, supra,* at ¶14. Thus, because an adequate legal remedy exists, relator fails to establish that he is entitled to a writ of prohibition.

{¶10} Accordingly, it is the order of this court that respondents' motion to dismiss is granted. Relator's prohibition petition and amended petition are hereby dismissed.

CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., COLLEEN MARY O'TOOLE, J., concur.

4