[Cite as *State ex rel. O'Brien v. Nosich*, 2022-Ohio-3868.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. JOHN P. O'BRIEN<br><br>Relator,<br><br>- v -<br><br>JUDGE MARTY D. NOSICH,<br><br>Respondent. | CASE NO. 2022-T-0049<br><br>Original Action for Writ of Prohibition |

## P E R   C U R I A M
## O P I N I O N

Decided: October 31, 2022
Judgment: Petition dismissed

*Mary Ellen Ditchey*, Urban Co., LPA, 434 High Street, N.E., P.O. Box 792, Warren, OH 44482 (For Relator).

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

PER CURIAM.

{¶1}    Pending before this court is relator, John P. O'Brien's, Petition for Writ of Prohibition.  Respondent, Judge Marty D. Nosich, has filed a Motion to Dismiss, claiming that O'Brien has an adequate remedy at law by way of an appeal and that the court did not lack jurisdiction to proceed in the matter before it.  For the following reasons, O'Brien's Petition is dismissed.

{¶2}    On June 1, 2022, O'Brien filed his Petition for Writ of Prohibition.  According

to his petition, he was a defendant in criminal cases 2022 CRB 00063 and 2021 CRB 00224 in the Trumbull County Eastern District Court before respondent Judge Nosich. On March 3, 2022, he pled guilty to Disorderly Conduct in 2021 CRB 00224 and Assault in 2022 CRB 00063. He was sentenced to suspended jail terms and ordered to serve one year of probation. As part of the terms of the plea for Assault, a Post-Conviction No Contact Order was put into place, which was signed and acknowledged by O'Brien. On March 8, 2022, the court issued a notice for a hearing. According to O'Brien, "[u]pon inquiry by defense counsel, it was discovered that the hearing was to address the Post-Conviction No Contact Order" and counsel was informed that certain boxes needed to be checked for the order to be entered in NCIC, relating to "Brady Disqualifiers" for purchase and possession of guns. The scheduled hearing was subsequently continued and, following the filing of this action, has again been continued during the pendency of this matter.

{¶3} O'Brien argues that the court's further exercise of power in his case is unauthorized by law, "insofar as the trial court has already closed his case and the court, therefore, has no further jurisdiction to act on an issue that has already been litigated." He contends that he cannot be compelled to appear "for an overlook made by the State and/or the Court when the Post-Conviction No Contact Order was reviewed, agreed upon, and signed at the time of sentencing." He also argues that he will suffer injury without redress since the issues on the form "address his ability to own firearms."

{¶4} Nosich filed a Motion to Dismiss the Petition for Writ of Prohibition on July 11, 2022. Nosich argues that he has jurisdiction over this matter in order to correct a

2

clerical error in the order and that the hearing was a "formality, as well as a courtesy to Relator and his counsel." O'Brien has not filed a response to the Motion to Dismiss.

{¶5} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relator's] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

{¶6} "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), paragraph one of the syllabus. "[T]he function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction." *State ex rel. Feathers v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶ 2. "The writ is an extraordinary remedy which should not be issued in a routine manner." *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶ 15.

{¶7} "[T]he Supreme Court of Ohio has indicated that if a trial court has general jurisdiction over the subject matter of a specific type of case, a prohibition action usually cannot be maintained to determine whether the exercise of jurisdiction in a particular instance is proper" because the relator has an adequate legal remedy by way of appeal.

3

(Citation omitted.) *State ex rel. Leatherworks Partnership v. Stuard*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 17. However, "[w]hen there is a patent lack of jurisdiction for the lower court to act, the remedy of appeal is 'immaterial,' i.e., the relator can maintain an action in prohibition regardless of his alternative remedy of appeal." *State ex rel. Elder v. Collins*, 11th Dist. Lake No. 2015-L-0066, 2015-Ohio-3418, ¶ 7.

{¶8} "'[I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue.'" *State ex rel. Huntington Natl. Bank v. Kontos*, 11th Dist. Trumbull No. 2013-T-0089, 2014-Ohio-1374, ¶ 12, quoting *Leatherworks* at ¶ 19; *State ex rel. Jurczenko v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 2009-L-178, 2010-Ohio-3252, ¶ 26 ("when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance") (citation omitted).

{¶9} Nosich argues that the court has jurisdiction here because it intends to issue a nunc pro tunc entry. According to O'Brien's Petition, the purpose of the scheduled hearing was because boxes on the No Contact Order "were unchecked that needed to be checked." O'Brien's Petition characterizes this as an "oversight" or an "overlook made by the State and/or the Court" when the order was reviewed and signed at sentencing.

4

Case No. 2022-T-0049

**{¶10}** "Once a final judgment [in a criminal matter] has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. "Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided," consistent with Crim.R. 36. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13; *State v. McNear*, 8th Dist. Cuyahoga No. 111077, 2022-Ohio-2365, ¶ 43.

**{¶11}** "[C]ourts possess the authority to correct errors in judgment entries," including clerical errors, mistakes, or omissions that are mechanical in nature, apparent on the record, and that do not involve a legal judgment, "so that the record speaks the truth." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. "Nunc pro tunc entries are used to reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Id.*; *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

**{¶12}** With respect to his arguments that the court does not have jurisdiction to act further in this matter, according to O'Brien's Petition, the trial court represented that the purpose of the hearing was to correct the failure to check certain boxes on the No Contact Order, which he characterizes as an "overlook" or "oversight." Mistakes and clerical errors are proper grounds to exercise jurisdiction to issue a nunc pro tunc entry. While there may be an argument as to whether the "error" to be corrected relates to a finding or judgment actually made by the trial court at the sentencing hearing, as noted above, when the authority to hear the case turns on its specific facts, there is not an

5

obvious or patent lack of jurisdiction.  *Huntington Natl. Bank*, 2014-Ohio-1374, at ¶ 12.

{¶13}  Further, if the court below does act to issue a nunc pro tunc entry and O'Brien believes that it is incorrectly characterized as such an entry, he will be able to file a direct appeal from that entry, providing him with the ability to seek relief.  While a nunc pro tunc entry does not extend the time to appeal, a separate appeal from a "nunc pro tunc" entry lies if the entry creates or denies rights to the defendant.  *State ex rel. Petty v. Portage Cty. Court of Common Pleas*, 11th Dist. Portage No. 97-P-0041, 1997 WL 664429, *2 (Oct. 17, 1997); *In re E.B.*, 1st Dist. Hamilton No. C-150351, 2016-Ohio-1507, ¶ 12 (an appeal from an order characterized as issued nunc pro tunc could be maintained where it changed a "matter of substance").

{¶14}  To the extent that O'Brien contends that the hearing itself is an improper exercise of jurisdiction, no legal authority is cited for this proposition.[1]  Since the court has jurisdiction over a defendant to issue a nunc pro tunc entry, the hearing would relate back to that exercise of jurisdiction.  While a hearing may not be necessary to issue a nunc pro tunc entry, O'Brien has not demonstrated that the court patently and unambiguously lacks jurisdiction to hold such a hearing.

{¶15}  Since O'Brien can prove no set of facts entitling him to the requested extraordinary relief, his Petition for Writ of Prohibition is dismissed.


CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

---

1. We observe that although the petition references an "accompanying brief in support," in addition to the argument advanced in the petition, no such document is included beyond the three-page petition and accompanying exhibits.

Case No. 2022-T-0049